### 35347. UNIVERSITY CAB, INC. v. FAGAN.

NICHOLS, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals in *University Cab, Inc. v. Fagan,* 150 Ga. App. 404 (258 SE2d 21) (1979). Upon consideration of the case, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur, except Bowles, Marshall and Clarke, JJ., who dissent.*

ARGUED NOVEMBER 13, 1979 — DECIDED FEBRUARY 22, 1980 — REHEARING DENIED MARCH 18, 1980.

*Harris Bullock, Glenn H. McQueen, Jr.,* for appellant.

*Thomas A. Travis, Jr.,* for appellee.

BOWLES, Justice, dissenting.

Fagan is the widow of Joseph Fagan who was killed in an accident while driving a taxicab which he leased on a daily basis from the University Cab, Inc. Fagan filed a claim for an award of death benefits with the State Board of Workers' Compensation. She was awarded benefits by the administrative law judge and this ruling was affirmed by the full board, the Superior Court of Fulton County, and the Court of Appeals. See *University Cab, Inc. v. Fagan,* 150 Ga. App. 404 (258 SE2d 21) (1979).

It is the cab company's contention that Joseph Fagan was an independent contractor and not an employee of the cab company. In affirming the award of workers' compensation benefits, the Court of Appeals followed *Worrell v. Yellow Cab Co.,* 146 Ga. App. 748 (247 SE2d 569) (1978) which it found controlling. In *Worrell* the Court of Appeals held that taxicab owners were precluded from allowing independent contractors to operate their

vehicles by the existence of the following city ordinance: "No vehicle provided for under the provisions of this article shall be operated by any person other than the owner or his duly authorized employee or agent." Code of Ordinances of the City of Atlanta, 1977, § 14-8069.

I would overrule the decisions of the Court of Appeals and hold that the city ordinance has no bearing on whether or not taxicab drivers occupy a status of employee or independent contractor. First, it is not clear that the term "agent" as used in the ordinance necessarily excludes "independent contractors." Second, even if "agent" is the practical equivalent of "employee" as held by the Court of Appeals in *Worrell* and now confirmed by this court, I cannot accept the premise that a city ordinance can control to establish as a matter of law a relationship which may not otherwise exist. The fact that in this case a widow is permitted to recover workers' compensation benefits makes the end result of the court's decision appealing. But what if the city ordinance had said, "All taxicab drivers are independent contractors?" Would this court find the ordinance controlling and deny workers' compensation benefits to one driving a taxicab who was in fact an employee of a cab company? I doubt it.

I dissent and am authorized to state that Justice Marshall and Justice Clarke join in this dissent.