## 58357. ATLANTA CHECKER CAB COMPANY v. PADGETT.

MCMURRAY, Presiding Judge.

This is a workers' compensation case brought by the claimant as widow of her deceased husband and as guardian of their minor children against his alleged employer, Atlanta Checker Cab Company, a radio dispatched company. Padgett, the deceased, had driven a cab for the Atlanta Checker Cab Company for a number of years and had also worked in other capacities. He was driving a cab at the time of his death on October 22, 1977, when he was killed by multiple gunshot wounds. Shortly before his death was discovered he had been dispatched by radio to pick up a customer. The taxicab he was driving was owned by Checker, and his arrangement with Checker required him to pay $150 per week "dues" for the privilege. Their arrangement was to all intents and purposes to create an employer-independent contractor's status. However, an ordinance of the City of Atlanta introduced in evidence before the workers' compensation board required that no motor vehicles operated as taxicabs in the City of Atlanta could be operated by any person other than the owner or his duly authorized employee or agent. Both the administrative law judge and the board found that this ordinance demanded a finding of employer-employee relationship

at the time of this employee's death despite all efforts to establish an independent contractor relationship, citing *Worrell v. Yellow Cab Co.,* 146 Ga. App. 748, 749 (1) (247 SE2d 569), and *Diamond Cab Co. v. Adams,* 91 Ga. App. 220 (85 SE2d 451).

The administrative law judge and the board then found the decedent was at a place where he might reasonably be expected to be in the performance of his duties as a taxicab driver, thus he was in the course of his employment when he was killed as a result of a criminal act directed against his employer's property and his death arose out of his employment.

On appeal, the superior court affirmed, and the claimed employer appeals. *Held:*

1. The first enumeration of error is controlled adversely to the appellant by the holdings in the cases cited in *Worrell v. Yellow Cab Co.,* 146 Ga. App. 748, 749 (1), supra. To comply with the law (ordinance of City of Atlanta, cited above), the appellant simply could not operate its cabs on the streets of Atlanta and attempt to delegate its duties "to drivers as independent contractors rather than as employees, in order to avoid liability under the Workmen's [Workers'] Compensation Act for death or injury to its drivers. See *Aetna Casualty & Surety Co. v. Prather,* 59 Ga. App. 797 (2 SE2d 115)." *Diamond Cab Co. v. Adams,* 91 Ga. App. 220, 221, supra; *Worrell v. Yellow Cab Co.,* 146 Ga. App. 748, 749 (1), supra. See also *University Cab, Inc. v. Fagan,* 150 Ga. App. 404 (258 SE2d 21), s. c. affirmed in 245 Ga. 469 (1980).

This enumeration of error is not meritorious as an employer-employee relationship existed between them.

2. The death certificate was submitted in evidence without objection, and it was admissible evidence to prove the decedent died of multiple gunshot wounds on the date shown. See *Smith v. State,* 143 Ga. App. 347, 351 (238 SE2d 698); *Allstate Ins. Co. v. Holcombe,* 132 Ga. App. 111, 115 (3) (207 SE2d 537); *National Life & Acc. Ins. Co. v. Fender,* 144 Ga. App. 6, 8 (1) (240 SE2d 555).

The totality of the evidence before the board establishes that decedent died while engaged in the employer's business in the interest of his employer and reasonably incident to his work. See *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809, 811 (168 SE2d 660). Where the injury (death in the case sub judice) arises from a risk incidental to the nature of the employment, that is, having its origin in a risk connected to the business, it arises out of and flowed from that source as a natural consequence during a period of employment and at a place where the employee may reasonably be expected to be, in the performance of his duties, or doing something

incidental thereto. *Employers Mutual Liab. Ins. Co. v. Rosenfeld,* 130 Ga. App. 251, 252 (1) (202 SE2d 678); *Williams v. Maryland Cas. Co.,* 99 Ga. App. 489, 492 (109 SE2d 325). Decedent's death arose out of and in the course of his employment.

*Judgment affirmed. Banke and Sognier, JJ., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED MARCH 5, 1980 —

*I. J. Parkerson,* for appellant.
*Thomas F. McNally, Jr.,* for appellee.