## A94A2513. HAND v. CHECKER CAB COMPANY.

(453 SE2d 138)

BIRDSONG, Presiding Judge.

Jerry Hand appeals the grant of summary judgment to the Checker Cab Company on his claim for damages arising from a vehicular accident between a car driven by Hand and a taxi cab leased from Checker Cab and driven by William Paul Flower.

William Paul Flower was not served with process and is not a party to this appeal. Although Atlanta Metro Leasing, Inc., was a party to the action below and was also granted summary judgment, Hand has not appealed the grant of summary judgment to Atlanta Metro Leasing.

Hand contends the trial court erred by granting summary judgment because a genuine issue of material fact exists as to whether Flower was an independent contractor or whether he was an employee, servant or agent. *Held*:

The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Checker Cab's motion for summary judgment was supported with documents showing that Checker Cab leased the vehicle to Flower on a week-to-week basis to use as a taxi cab; that Flower had exclusive use of the vehicle during the lease period to use as a taxi cab or to use as his personal vehicle if he wanted; that Flower was licensed by the local jurisdictions in which he drove and was subject to the rules and regulations of those jurisdictions; that Checker Cab imposed no rules on Flower's operation of the vehicle; and that Flower could receive calls from Checker Cab if he wished, but he was not required to do so. This evidence is sufficient to establish that Flower was an independent contractor. *Brunson v. Valley Coaches*, 173 Ga. App. 667 (327 SE2d 758); *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814). Under *Lau's Corp.*, when Checker Cab produced evidence sufficient to show that Flower was an independent contractor, Hand was required to produce or point to specific evidence giving rise to a triable issue on this point. OCGA § 9-11-56 (e); *Lau's Corp.*, supra. He did not do so. As Hand did not come forward with such evidence, summary judgment was authorized.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 20, 1995.

*Gary V. Bowman*, for appellant.
*Parkerson, Shelfer & Groff, I. J. Parkerson*, for appellee.