## A00A0427. PLEMONS v. WEAVER.
(533 SE2d 747)

BLACKBURN, Presiding Judge.

In this action based on an oral contract, Dale Plemons appeals a jury verdict in favor of Robert J. Weaver, contending: (1) the award of

---

actual damages in the amount of $18,052.38 was not supported by the evidence; (2) the award of attorney fees in the amount of $3,800 was improper; and (3) the trial court erred by allowing Plemons to testify regarding Weaver's veracity. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that Plemons owns a farm on which he raises chickens. A serious storm demolished three newly constructed chicken houses on his property. Plemons then contacted his insurance company which sent its representative, Gary Wilson, to Plemons' farm. After Wilson surveyed the damage, he spoke with Plemons and Weaver, a close friend of Plemons. Wilson stated that he was going to recommend that the insurance company pay $10,000 per chicken house for removal of the debris left by the storm, which the insurance company ultimately paid. He further indicated that the insurance company would not be interested in the raw materials which could be salvaged from the wreckage.

Then, in Wilson's presence, Plemons and Weaver, who owned machinery capable of cleaning up the property, reached an agreement to remove the debris. Pursuant to this oral contract, Weaver agreed to provide the machinery and manpower necessary to do the job. In return, Plemons promised to (1) allow Weaver to keep one-half of the raw materials salvaged; (2) pay Weaver for one-half of the labor costs; and (3) turn over one-half of the insurance proceeds to Weaver.

The parties do not dispute that Weaver received one-half of the raw materials which were salvaged. Prior to the beginning of the trial below, Plemons admitted that he owed Weaver $3,052.38 for labor costs, and he paid this amount into the registry of the court. Plemons, however, denied that he agreed to pay any part of the insurance proceeds to Weaver. After hearing all of the testimony, the jury awarded Weaver the $3,052.38 which Plemons admitted that he owed along with $15,000 representing one-half of the insurance proceeds. The jury also awarded Weaver $3,800 in attorney fees.

1. Plemons first contends that the evidence was not sufficient to support the jury's award of actual damages in the amount of $18,052.38. We disagree.

As discussed, the jury's award of actual damages may be broken down into two parts: (1) a payment to Weaver for labor costs and (2) one-half of the insurance proceeds. Plemons makes no argument regarding the award of $15,000 in insurance proceeds, which was amply supported by evidence of the oral agreement. Instead, his argument revolves solely around the award of labor costs. This argument is misplaced, however, as the jury simply awarded Weaver that amount which Plemons *admitted* that he owed. On appeal, Plemons

now attempts to take issue with the efficacy of his own calculation by criticizing invoices provided by Weaver. This argument is totally devoid of merit.

2. In his second enumeration, Plemons argues that the award of attorney fees levied against him pursuant to OCGA § 13-6-11 was not supported by the evidence. This contention is untenable.

> "OCGA § 13-6-11 allows (attorney fees) where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. Further, whether or not the defendant/appellant acted in bad faith in its contractual relations is an issue for the jury to determine." (Punctuation omitted.) [*Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 219 (6) (b) (489 SE2d 329) (1997)]. "Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out the provisions of the contract, that is, in how defendant acted in his dealing with the plaintiff. Bad faith other than mere refusal to pay a just debt is sufficient, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. So defendants can be held liable for attorney fees if they committed the breach in bad faith." (Citations and punctuation omitted.) *Young v. A. L. Anthony Grading Co.*, 225 Ga. App. 592, 593 (484 SE2d 318) (1997). "As to whether the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and expense, mere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees. The key to the test is whether there is a bona fide controversy. Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense. However, recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy." (Citations and punctuation omitted.) *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 580 (2) (373 SE2d 758) (1988).

*Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 856-857 (1) (c) (501 SE2d 30) (1998).

In this case, there was evidence that Plemons agreed to pay Weaver one-half of his labor costs and one-half of the insurance proceeds in return for removing debris from his property. This agreement was reached prior to the commencement of the work. Although Plemons denied that this agreement was ever reached, the jury

resolved this issue against him. As such, the evidence supports a finding that Plemons' refusal to pay Weaver in full according to their oral agreement was not based on any honest mistake regarding the duties imposed by the contract but rather constituted a breach of that contract in bad faith. Thus, the award of attorney fees is affirmed.

3. Finally, Plemons contends that the trial court erred by allowing Weaver to question him with regard to the veracity of Weaver. Again, this argument is wholly without merit.

During cross-examination, Plemons was asked whether he believed Weaver was a liar, and he answered affirmatively. Plemons' attorney objected to this question. The trial court then implicitly sustained this objection and instructed Weaver's attorney to rephrase his question to avoid use of the word "liar." Plemons' attorney made no further objections.

As an initial matter, even if Weaver's question were inappropriate, Plemons would suffer no resulting harm. To the contrary, his testimony that Weaver was a liar, if believed by the jury, could only help his case. Therefore, at the outset, Plemons' enumeration of error lacks merit, for there must be harm as well as error to warrant a reversal. See *Sparti v. Joslin*, 230 Ga. App. 346, 350 (3) (496 SE2d 490) (1998).

Moreover, in this case, the trial court did not err in its handling of this matter.

> "Although, as pointed out by [Plemons], the truthfulness or veracity of a witness is solely within the province of the jury, and we have held that '(i)n no circumstances may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth,' we fail to see how [Weaver's] question violated these principles. [Plemons'] response to the question in no way 'bolstered the veracity' of any witness, but merely emphasized the conflict in the evidence, which it was the jury's duty to resolve, and the trial court properly charged the jurors (regarding the determination of witness credibility). We find no error here." (Citations omitted.) *Little v. State*, 194 Ga. App. 361, 362 (2) (390 SE2d 445) (1990); cf. *Dorsey v. State*, 259 Ga. 809 (3) (387 SE2d 889) (1990) (prosecutor's question to defendant that " 'everybody's lying about this whole thing but you, is that right?' " while argumentative, does not call for defendant to make credibility determinations about testimony of other witnesses).

*Tucker v. State*, 228 Ga. App. 321, 324 (2) (491 SE2d 420) (1997).

Furthermore, as Plemons' attorney made no further objections after the trial court instructed Weaver's counsel to avoid use of the word "liar," we must assume that he was satisfied with the court's ruling.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 12, 2000.

*Robert B. Adams,* for appellant.

*McCamy, Phillips, Tuggle & Fordham, James H. Phillips,* for appellee.