A01A0224. COPE v. ENTERPRISE RENT-A-CAR et al.
(551 SE2d 841)

ANDREWS, Presiding Judge.

Aimee Cope appeals from the trial court's order granting summary judgment to Enterprise Rent-A-Car on her complaint for damages after a truck she rented broke down on Interstate 20. Because there is no evidence that Enterprise breached any duty of care and also no evidence that any alleged breach was the proximate cause of Cope's injuries, we affirm.

This case arose when Cope rented a truck from Enterprise in Norcross, Georgia, to drive to New Orleans for the Super Bowl. Cope rented the truck on Thursday, drove it to work Thursday and Friday, and then left for New Orleans on Saturday morning. Cope drove the truck to New Orleans and spent the weekend there, leaving around noon on Monday to drive back to Atlanta. Cope was driving through Alabama nearing the Georgia line when the "check engine" light came on. The truck began to lose power, and Cope pulled over into the emergency lane of I-20.

Shortly after she pulled over, a man in a truck pulled in behind her truck and asked if she wanted a ride. Cope said she did not and asked him to call police. The man offered to take a look under the hood, and Cope, who was standing beside the truck, said he could. Cope told him to walk up on the opposite side of the truck from where she was standing, and he agreed. The man told Cope that the alternator belt had come off and offered to tow her to the next exit. Cope agreed, and the man went back to his truck to get a rope. He got the rope and was walking toward her with the rope in one hand and a beer bottle in the other when he suddenly hit her in the forehead with the bottle. Cope hit him in the nose with her forehead, and the man put the rope around Cope's neck and threw her down the hill.

A struggle ensued, with the man putting his hand inside Cope's jeans and Cope trying to fight him off. During the struggle, he hit Cope several times in the face and sat on her, trying to pin down her arms. The man had ripped her shirt and ripped open her jeans when Cope was able to free one arm and punch him in the throat. He rolled off her after being hit, and Cope started back for her truck, screaming that she had a gun and she was going to kill him. The man started running for his truck, and Cope got the gun she kept on the front seat and fired it in the air. The man jumped into his truck and drove off. Cope was able to get back in her truck and start the engine.

She drove the truck to the next exit where she was able to get help.

Cope and her brother went back to inspect the truck some time later while it was still at the sheriff's office. They found that the serpentine belt was missing. Cope's brother also told her that the oil looked black and gritty and the air filter was dirty.

Cope then filed the instant complaint against Enterprise, alleging that it had negligently maintained the truck and this negligence was the cause of her injuries. Enterprise moved for summary judgment, claiming there was no evidence that any alleged failure to maintain the truck caused the belt to break. Enterprise also claimed that the attack on Cope was an intervening criminal act such that any alleged negligence in maintaining the vehicle was not the proximate cause of Cope's injuries. The trial court granted the motion, and this appeal followed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

> In this state the essential elements of a cause of action based on negligence are: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Punctuation omitted.) *Bradley Center v. Wessner*, 161 Ga. App. 576, 579-580 (1) (287 SE2d 716) (1982). The legal duty of a bailor for hire when renting automobiles to the public is one of ordinary care. *Hertz Driv-Ur-Self Stations v. Benson*, 83 Ga. App. 866, 867 (65 SE2d 191) (1951).

1. *Causation in fact.* The only evidence in the record before us is that the truck broke down because the serpentine belt failed. Cope's expert witness gave two reasons why the belt could have failed. There could have been something wrong with the tensioner, or the belt could have developed a crack and split apart. The expert, who never examined the truck itself but instead looked at photographs,

acknowledged that he had no basis for believing there was anything wrong with the tensioner. He pointed out nothing in the pictures which showed a problem with the tensioner and admitted that the statement was mere speculation on his part. Accordingly, this statement does not even raise an inference of negligence.

What is left then is the expert's opinion that the serpentine belt could have cracked and broken. The expert stated several times that once a belt was cracked "it can go any time." He testified that if a serpentine belt is visibly cracked, it has no useful life left and a vehicle could travel no more than 100 miles with a cracked belt.

Cope drove the truck 1,286 miles after she rented it from Enterprise until it broke down. From her own expert's testimony, any crack that was visible before Cope rented the truck would have caused the belt to break long before it actually did. By her own evidence, Cope has negated an essential element of her claim. Thus, because she has introduced no evidence sufficient to raise a triable issue of fact on whether the breach of a duty of care was a cause in fact of her injuries, the trial court correctly granted summary judgment to Enterprise.

2. *Proximate cause*. The issue here is whether the attack on Cope was a concurring proximate cause of her injuries, together with the alleged negligent inspection of the truck, or whether the criminal attack intervened and became the sole proximate cause. Cope's only evidence in support of her claim that the alleged negligent inspection of her truck was a concurring proximate cause of her injuries was the opinion testimony of a private investigator. He testified at his deposition that the question posed to him was whether it was foreseeable that an individual who broke down by the side of the road might be subject to criminal attack. The investigator answered that it is foreseeable that an individual who breaks down on the interstate can come to harm. But, the investigator had no pertinent facts or figures to support his opinion. He had no statistics concerning the number of people who have broken down on the interstate who have been attacked; instead, he stated that "just history itself tells you that."

The general rule applied to this issue was set forth by the Supreme Court in *Southern R. Co. v. Webb*, 116 Ga. 152 (42 SE 395) (1902) as follows:

> While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could

reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.

Id. at 152, hn. 1; *Blakely v. Johnson*, 220 Ga. 572, 574-575 (140 SE2d 857) (1965).

In expounding upon the general rule in *Webb*, the Supreme Court recognized that the rule may be applied differently from case to case and further stated that:

[T]he inquiry as to natural and proximate cause and consequence is to be answered in accordance with common sense and common understanding. . . . A natural consequence is one which has followed from the original act complained of, in the usual, ordinary, and experienced course of events. A result, therefore, which might reasonably have been anticipated or expected. Natural consequences, however, do not necessarily include all such as upon a calculation of chances would be found possible of occurrence, or such as extreme prudence might anticipate, but only those which ensue from the original act without any such extraordinary coincidence or conjunction of circumstances as that the usual course of nature should seem to have been departed from. . . . A tortious act may have several consequences, concurrent or successive, for all of which the first tort-feasor is responsible. It is not intervening *consequences*, but intervening *causes* which relieve [the original wrongdoer from liability]. The test is to be found, . . . not in the number of intervening events or agents, but in their character, and in the natural and probable connection between the wrong done and in the injurious consequence. So long as it affirmatively appears that the mischief is attributable to the original wrong as a result which might reasonably have been foreseen as probable, legal liability continues. . . . In determining what is proximate cause the true rule is, that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act. . . . The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended.

(Citations and punctuation omitted; emphasis in original.) *Webb*, 116

Ga. at 155-156 (1). "An intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury thus breaking the causal connection between the defendants' negligence and the injury unless the criminal act was a reasonably foreseeable consequence of the defendants' conduct." (Punctuation omitted.) *Alexander v. Sportslife*, 232 Ga. App. 538, 540 (2) (502 SE2d 280) (1998).

Applying the proximate cause discussion in *Webb* to the present case, we see that the attack on Cope was not a natural consequence flowing out of the alleged negligence of Enterprise, but rather an intervening cause of Cope's injuries. An intervening cause is too remote to be foreseeable if it " 'furnished only the condition or occasion of the injury,' " *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 157 (1) (B) (256 SE2d 916) (1979), and that is what occurred in this case.

3. In light of our holdings in Divisions 1 and 2, we need not address Cope's claim that the trial court erred in denying her motion to strike the affidavit of Mark Mattus, the vehicle repair supervisor for Enterprise. That affidavit was immaterial to the decision.

*Judgment affirmed. Johnson, P. J., Smith, P. J., Ruffin and Ellington, JJ., concur. Eldridge and Miller, JJ., dissent.*

MILLER, Judge, dissenting.

In my view, not only is there evidence of a breach of the duty of care, but the issue of foreseeability should go to a jury. Therefore, I must respectfully dissent.

Generally,

> an intervening criminal act of a third party, without which the injury would not have occurred, will . . . be treated as the proximate cause of the injury thus breaking the causal connection between the defendant['s] negligence and the injury *unless* the criminal act was a reasonably foreseeable consequence of the defendant['s] conduct. [Cit.][1]

So if the character of the intervening act claimed to break the causal connection "was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all the consequences resulting from the intervening act."[2] With respect to the issue of proximate

---

[1] (Emphasis supplied.) *Wright v. Ashe*, 220 Ga. App. 91, 94 (469 SE2d 268) (1996) (whole court). Accord *Williams v. Grier*, 196 Ga. 327, 328, hn. 2 (a) (26 SE2d 698) (1943).

[2] *Southern R. Co. v. Webb*, 116 Ga. 152, hn. 1 (42 SE 395) (1902).

cause, it makes " 'no difference whether the intervening actor is negligent or intentional, or criminal. Even criminal conduct by others is often reasonably to be anticipated.' [Cit.]"[3] In *Lay v. Munford, Inc.*,[4] in a similar circumstance, the Supreme Court held: "The question of reasonable foreseeability and the statutory duty imposed by [former] Code [Ann.] § 105-401 [now OCGA § 51-3-1], to exercise ordinary care to protect the plaintiff in the circumstances of this case, is for a jury's determination rather than summary adjudication by the courts."[5]

By statute, the bailor of rental cars must keep its vehicles in suitable repair for hire and further warrants that the vehicle is free from any secret fault rendering it unfit for the purposes for which it was hired.[6] To the ordinary consumer, the purposes for renting a vehicle are to conduct and complete travel safely, conveniently, and economically. When a traveler is stranded by the side of the road, it is not beyond the apprehension of ordinary foresight to realize that someone could and would attempt to take criminal advantage of that situation.[7] Therefore, the question of reasonable foreseeability and the statutory duty imposed by OCGA § 44-12-63 to exercise ordinary care to protect the plaintiff bailee from secret defects in this case is for a jury's determination rather than summary adjudication by the courts. In my opinion, the trial court erred in granting Enterprise's motion for summary judgment.

I am authorized to state that Judge Eldridge joins in this dissent.

DECIDED JULY 6, 2001 —
RECONSIDERATION DENIED JULY 19, 2001 — 

*Dean, Smith & Therrell, Peter R. Roberts, John R. Burdges*, for appellant.
*Magill & Atkinson, Thomas E. Magill*, for appellees.

---

[3] *Warner v. Arnold*, 133 Ga. App. 174, 177 (2) (210 SE2d 350) (1974).
[4] 235 Ga. 340 (219 SE2d 416) (1975).
[5] Id. at 341.
[6] OCGA § 44-12-63 (2).
[7] See, e.g., *Wallace v. Boys Club &c.*, 211 Ga. App. 534, 536-537 (2) (439 SE2d 746) (1993) (whole court) (absence of prior abductions and assaults does not render the danger of such criminal attacks on an unsupervised child unforeseeable as a matter of law).