## A01A1363. RAPID GROUP, INC. v. YELLOW CAB OF COLUMBUS, INC.
### (557 SE2d 420)

POPE, Presiding Judge.

In general, legal malpractice liability attaches when an attorney fails to apply well-settled legal principles or procedures. In this case, the attorney representing a taxicab company allegedly failed to assert the well-known independent contractor defense to a claim of respondeat superior for a cabdriver's tort. But the malpractice defendants argued that it is also well settled that the independent contractor defense did not apply to the facts of the case. They relied on *Yellow Cab of Chatham County v. Karwoski*, 226 Ga. App. 63 (486 SE2d 39) (1997), which was decided three years after the alleged legal malpractice. Thus, one of the questions presented by this appeal is does *Karwoski* reiterate well-settled law or break new ground.

In 1992, Stephens, a driver for Yellow Cab of Columbus, Inc., had an accident in Columbus that injured Lester and Tina Howard. At the time of the accident, Stephens had a Columbus taxicab driver's permit but not a Columbus taxicab business license. Stephens had a business relationship with Yellow Cab, described by Yellow Cab as one of dispatch service and independent contractor. The Howards sued Stephens in tort, and Yellow Cab under the doctrine of respondeat superior. Rapid Group, Inc. insured Yellow Cab, and it provided a defense using attorney Sidney Moore.

In 1994, during the litigation, Moore allegedly committed malpractice in several ways including failing to respond to discovery, which resulted in a default judgment. After a trial on damages, a judgment in the amount of $101,000 was entered against Yellow Cab. Yellow Cab sued Moore and Rapid Group for legal malpractice alleging in part that the default judgment precluded it from raising the defense that Stephens was an independent contractor. Moore and Rapid Group attempted to rely on *Karwoski* and argued that Stephens was Yellow Cab's employee as a matter of law and therefore

Yellow Cab would have been liable regardless of the default judgment.

But, because the decision in *Karwoski* was issued three years after the alleged malpractice occurred, the trial court did not charge *Karwoski* to the jury, did not allow the defendants to argue *Karwoski*, and would not grant a directed verdict and rule as a matter of law that *Karwoski* applied to the facts of this malpractice case. At the end of the trial, the jury ruled in favor of Yellow Cab and awarded damages and attorney fees totaling $244,431 for the malpractice. Rapid Group appeals.

1. In its first three enumerations, Rapid Group contends, in essence, that the trial court prevented it from fully asserting its defense that Yellow Cab employed the driver and therefore would have been liable as a matter of law in the tort action even if there had been no default judgment. Rapid Group based its defense on *Karwoski*, which suggests that the driver was Yellow Cab's employee — not an independent contractor — as a matter of law, because he did not have a taxicab owner's business license as required by an applicable Columbus municipal ordinance. See *Karwoski*, 226 Ga. App. at 67-69 (on motion for reconsideration). Rapid Group contends that *Karwoski* did not change the law, but simply articulated what had always been the law, and therefore, the trial court erred by not applying it to the case.[1]

In numerous cases dating back to at least 1939, this Court has repeatedly held that, for the purposes of determining employer liability under the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq., a taxicab company is estopped to deny that an affiliated driver is an employee (and claim that he is an independent contractor) when local ordinances either directly or indirectly prohibit the use of independent contractors, or the independent contractor himself is not fully and properly licensed and operating in compliance with the local ordinances. See *Karwoski*, 226 Ga. App. at 63, and cases cited therein; *Aetna Cas. &c. Co. v. Prather*, 59 Ga. App. 797 (1) (2 SE2d 115) (1939).[2] For the purposes of this decision, the application of a local ordinance to determine employee/independent contractor status will be referred to as the local ordinance rule.

The issue in this case is whether it was well settled in 1994, the time of the alleged malpractice, that the same local ordinance rule

---

[1] An attorney is only negligent if he or she "wilfully or negligently fails to apply commonly known and accepted legal principles and procedures through ignorance of basic, well-established and unambiguous principles of law or through a failure to act reasonably to protect his client's interests." (Citation and punctuation omitted.) *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80, 83 (2) (456 SE2d 264) (1995).

[2] Although the exact manner of how the local ordinance functions in this way differs, see *Karwoski*, the differences are not relevant here.

applied in a tort case. This Court's decision in *Karwoski* purports to hold that it does. See *Karwoski*, 226 Ga. App. at 67-69 (on motion for reconsideration). But there are four reasons for concluding that *Karwoski* represents a change in the law and not simply an articulation of what had always been the law.

First and foremost, the opinion in *Karwoski* itself reveals that application of the local ordinance test to tort cases was strongly debated and that the law had previously been unclear. *Karwoski* was a workers' compensation case. The original opinion only addressed whether the local ordinance rule should apply to the specific facts of the case. Id. at 63-65. On a motion for reconsideration, the Court went further. The taxicab company in *Karwoski* suggested that the original opinion was inconsistent with *Smith v. Yellow Cab Co. of Chatham County*, 223 Ga. App. 143 (476 SE2d 887) (1996). In that tort action, this Court refused to apply the local ordinance rule to tort actions and instead applied the well-known law that the question of whether one is an employee or an independent contractor is resolved by determining whether the employer retains the right to exercise control over the time, manner, and method of the work performed. Id. at 144.

In response to the motion for reconsideration, in a five-to-four decision, this Court overruled *Smith* and held that the local ordinance test applies to both tort and workers' compensation actions. In so doing, the majority acknowledged that the case law had "become blurred and confused" and that the cases "generally divide into two lines: those tort cases involving the doctrine of respondeat superior and those workers' compensation cases involving coverage for injured drivers." (Emphasis omitted.) *Karwoski*, 226 Ga. App. at 67. Furthermore, there was a pointed dissent to extension of the local ordinance rule to tort cases and to overruling *Smith*.

Thus, the decision itself makes manifest that the holding on the motion for reconsideration in *Karwoski* did not simply articulate well-established and unambiguous principles of law but rather extended the law. Moreover, one could argue that application of the local ordinance test to tort actions was unnecessary to the decision in *Karwoski*, a workers' compensation case.

Second, the original basis for application of the local ordinance rule to workers' compensation actions arose from the policy underlying the Workers' Compensation Act. This Court first applied a predecessor of the local ordinance rule to a taxicab case in 1939 in *Prather*, 59 Ga. App. at 797 (1). There, the Court held that a taxicab company certified to act as such by the Georgia Public Service Commission was without authority to hire an independent contractor who had no such certificate and, therefore, any person hired would be considered an employee as a matter of law for the purposes of determining work-

ers' compensation liability. Id. The Court explained that the public policy emanating from the Workers' Compensation Act dictated this result. It explained,

> This is true because the law[, i.e., the Workers' Compensation Act,] requires the carrier to insure against injury to its passengers, and makes it responsible for the fitness of the drivers of its vehicles, which duties it is against public policy to the State for the carrier to delegate to another over whom the [licensing entity] could have no jurisdiction.

Id.

*Prather* was directly followed in *Diamond Cab Co. v. Adams*, 91 Ga. App. 220 (85 SE2d 451) (1954), which in turn led to a line of workers' compensation cases establishing what we now refer to as the local ordinance rule.[3]

Third, no court has determined that the same policy should apply to the doctrine of respondeat superior. The only case we find partially relevant is *West End Cab Co. v. Stovall*, 98 Ga. App. 724 (106 SE2d 810) (1958). But that case is nonprecedential, and, although the opinion states that the taxicab driver could not be an independent contractor because he operated the taxicab under the cab company's license and not his own, the court answered the question of whether the driver was an employee by considering whether the driver was under the company's supervision and control. Id. at 729.

Fourth, precedent from this Court existing at the time of the alleged legal malpractice shows that the test in tort cases for determining employee/independent contractor status was the traditional control test. See, e.g., *Brunson v. Valley Coaches*, 173 Ga. App. 667, 668 (1) (327 SE2d 758) (1985) ("right to direct the time, the manner, the methods, and the means of the execution of the work"). See also *Hand v. Checker Cab Co.*, 216 Ga. App. 116 (453 SE2d 138) (1995); *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814) (1974) (company had no control over operation of cab); *English v. Yellow Cab Co.*, 119 Ga. App. 828 (168 SE2d 920) (1969); *Clark v. Atlanta Veterans Transp.*, 113 Ga. App. 531 (148 SE2d 921) (1966). Similarly, Supreme Court precedent applicable to both workers' compensation actions and tort actions holds that the primary test for answering the

---

[3] See *Malone v. Gary*, 98 Ga. App. 699 (106 SE2d 320) (1958); *Atlanta Million Co-op. Cab Co. v. Wilson-Acomb*, 108 Ga. App. 465 (133 SE2d 437) (1963); *Worrell v. Yellow Cab Co.*, 146 Ga. App. 748 (247 SE2d 569) (1978); *Univ. Cab v. Fagan*, 150 Ga. App. 404 (258 SE2d 21) (1979), aff'd, 245 Ga. 469 (266 SE2d 798) (1980); *Atlanta Checker Cab Co. v. Padgett*, 154 Ga. App. 43 (267 SE2d 464) (1980).

employee/independent contractor question is whether the agreement between the parties gives the employer "the right to control the time, manner[,] and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." (Punctuation omitted.) *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 637 (176 SE2d 925) (1970) (a workers' compensation case). See also *Yearwood v. Peabody*, 45 Ga. App. 451 (164 SE 901) (1932) (a tort action; cited as support by the Supreme Court in *Golosh*).

Finally, *Smith v. Yellow Cab Co.*, a case decided after the alleged malpractice in this case but before *Karwoski*, specifically held that the local ordinance test did not override the traditional control test. *Smith*, 223 Ga. App. at 143. Although *Karwoski* overturned the decision in *Smith*, *Smith* reflects the opinion of this Court, and of the author of the decision in *Karwoski*, at a point in time closer to the alleged legal malpractice in this case.

For the above reasons and because *Karwoski* was decided long after the alleged legal malpractice in this case, the trial court did not err in refusing to charge the jury on *Karwoski* or to allow Rapid Group to use the decision at trial. Nor did the court err by refusing to grant a directed verdict or judgment notwithstanding the verdict because a finding that Stephens was an employee of Yellow Cab was not demanded as a matter of fact and law, as it existed at the time. See *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998).[4]

2. Rapid Group also contends the trial court erred by failing to give a requested jury charge on the principle of intervening causation. Rapid Group asserts that it presented facts to support an argument that attorney Moore's negligence was not the proximate cause of the default judgment because his client Yellow Cab and its local attorney committed intervening acts of negligence. Rapid Group bases its argument on facts that show that Yellow Cab and its attorney Nicholas Cook were involved in the attempt to respond to the discovery and that they may have contributed to the delay or misunderstandings that led to entry of the default judgment. Rapid Group claims that Yellow Cab and Cook failed to timely return the discovery responses to Moore and that at one point in time Moore thought Cook had responded to the discovery on his own, so he did not follow up.

However, Moore was attorney of record for Rapid Group the entire ten months that the discovery questions went unanswered; there is no evidence of an agreement that Cook was responsible for responding to the discovery; Moore knew that the trial court had

---

[4] Evidence was presented during the trial to support Yellow Cab's contention that Stephens was an independent contractor.

ordered that a response be filed by a certain day or else Rapid Group's pleadings would be struck; there is no evidence that Moore told his client that a motion to compel had been filed, although he told Cook; Moore never made any last minute attempts to obtain the discovery responses; and Moore allowed the deadline to pass without responding, requesting more time, or calling his client or Cook to obtain the responses immediately. Furthermore, Moore's attempt to place the blame on Cook is based in part on events that occurred after the ten-day deadline had passed, and Moore even admitted that he should have known that Cook had not actually responded to discovery at that late date. Moore stated in a letter to the judge, "I do not fault Attorney Cook on this, as a careful reading of his cover letter should have informed me that no copy was sent to Plaintiff's counsel."

As a matter of well-known law, there can be no intervening cause when "the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer." *Southern R. Co. v. Webb*, 116 Ga. 152, hn. 1 (42 SE 395) (1902). See also *Cope v. Enterprise Rent-A-Car*, 250 Ga. App. 648 (551 SE2d 841) (2001). Moore was attorney of record, and it was his responsibility to ensure that discovery responses were timely filed or to bring the matter to the attention of the court, if despite his best efforts, he could not obtain the necessary information from his client. Under the circumstances, Moore should have anticipated a default judgment given that he knew his client and Cook were not acting in a timely fashion. Therefore, although Cook may have been a joint cause of the failure to respond (a charge on joint responsibility was given), his actions could not eliminate Moore's duty as counsel of record.

*Meiners v. Fortson & White*, 210 Ga. App. 612 (436 SE2d 780) (1993), relied upon by Rapid Group, is distinguishable. There, after the first attorneys had been fired, the second attorney failed to serve the defendant even though he had six months to do so and had been specifically informed by one of the first attorneys that the defendant had never been served. Id. at 613. This Court held that substitution of new counsel who negligently fails to cure the results of the first counsel's negligence cuts off the first counsel's liability. Id. Here, however, Moore was always attorney of record.

3. Our findings above support the conclusion that the trial court also did not err in denying a motion for new trial. The evidence supports the allegation of negligence in failing to respond to discovery thereby causing the loss of the independent contractor defense.

4. Rapid Group also contends that the trial court erred by sub-

mitting an attorney fee claim to the jury. Yellow Cab sought fees under OCGA § 13-6-11 for bad faith by Rapid Group in its contractual relations. Yellow Cab claimed that Rapid Group acted in bad faith defending the Howard lawsuit because attorney Moore's conduct fell far below the standard of care for attorneys and because Rapid Group condoned Moore's alleged minimalist approach to representing Yellow Cab. Yellow Cab does not claim in its appellate brief that it was entitled to fees for stubborn litigiousness or unnecessary trouble and expense in the malpractice litigation itself, and we agree that the existence of a bona fide controversy as shown above would preclude such a claim. See *Lamb v. State Farm &c. Ins. Cos.*, 240 Ga. App. 363 (522 SE2d 573) (1999).

OCGA § 13-6-11 allows recovery of litigation expenses when a defendant has acted in bad faith. Where there is some evidence to support a finding of bad faith, an award of attorney fees on that basis must be affirmed. *Crocker v. Stevens*, 210 Ga. App. 231, 238 (8) (435 SE2d 690) (1993).

It is true that this issue is generally one for the jury. See, e.g., *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 219 (6) (b) (489 SE2d 329) (1997). But bad faith cannot be prompted by an honest mistake as to one's rights or duties but must result from some interested or sinister motive. *Plemons v. Weaver*, 243 Ga. App. 464 (533 SE2d 747) (2000). See also *Glen Restaurant v. West*, 173 Ga. App. 204, 205 (325 SE2d 781) (1984). " 'Bad faith' is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will. [Cit.]" *Vickers v. Motte*, 109 Ga. App. 615, 619-620 (137 SE2d 77) (1964).

Yellow Cab presented evidence at trial that Moore was negligent in the following ways: (1) failing to advise his client, Yellow Cab, to demand that Rapid Group offer policy limits; (2) failing to serve discovery responses in a timely fashion; (3) failing to depose the plaintiffs or their physician; (4) consenting to striking his client's answer after he was faced with the fact that the discovery had not been answered, even in response to an order of the court to do so, and (5) failing to inform his client of the trial date on damages and the importance of having a party representative at trial. In addition, Yellow Cab asserted that Moore violated several provisions of the Code of Professional Responsibility and Rules of Conduct of the State Bar of Georgia.

But Yellow Cab points to no testimony or other evidence in the record to show that Moore or Rapid Group acted dishonestly or that they were motivated by sinister motive or ill will. The cited testimony and evidence support only claims of negligence by Moore,

which do not support an award of attorney fees based on bad faith. *Michaels v. Gordon*, 211 Ga. App. 470 (439 SE2d 722) (1993). "[P]roof of mere negligence or bad judgment is not proof that [Moore] refused to fulfill [his] professional duties, out of some interested or sinister motive, or that [he] consciously acted for some dishonest or improper purpose." Id. at 473 (2) (b).

Yellow Cab argues that because Rapid Group retained Moore on a flat fee of $6,000 per month no matter how much work he did, the jury was authorized to find that Rapid Group acted in bad faith by "condoning Moore's 'minimalist' representation, that . . . fell far below the standard of care and amounted to a violation of [Rapid Group's] duty of good faith to its insured." First, we find this inference to be invalid on its face. Otherwise, we could also conclude that all salaried workers have an incentive to do as little as possible. In addition, regardless of Rapid Group's business arrangement with Moore, Yellow Cab points to no evidence showing that this business relationship affected any of Moore's litigation decisions. Although Moore breached a known duty, there is simply no evidence of ill will, personal gain, or other improper purpose.

Therefore, the trial court erred by failing to grant Rapid Group's motion for directed verdict on the issue of attorney fees.

*Judgment affirmed in part and reversed in part. Mikell, J., concurs. Blackburn, C. J., concurs fully in Divisions 2, 3 and 4 and concurs specially as to the judgment only in Division 1.*

BLACKBURN, Chief Judge, concurring specially.

I fully concur in Divisions 2, 3, and 4 and the judgment. I do not concur in Division 1 and write specially. I cannot concur in the analysis contained in Division 1 or the holding and analysis of *Yellow Cab of Chatham County v. Karwoski*, 226 Ga. App. 63 (486 SE2d 39) (1997). The majority opinion's characterization of *Karwoski* is a distortion of the opinion and represents an attempt to refight battles previously lost. As *Karwoski* clearly indicates, the case law in existence at the time the malpractice in this case occurred would have provided no recourse to a defense lawyer who failed to raise the defense of independent contractor. A simple reading of *Karwoski* will show that its holding was that the relationship between a cab company and its drivers is controlled by the applicable local ordinance, where such addresses this relationship, directly or indirectly. Where the local ordinance does not address this matter, one then looks to the general law. The cab company cases generally arose out of automobile accident cases, where a private citizen sought damages from the cab company, and the cabdriver might seek workers' compensation benefits. In either case, cab companies took the position that the drivers were independent contractors. Judge Johnson addressed the

unfairness to the general public created by this problem in his special concurrence in *Loudermilk Enterprises v. Hurtig*, 214 Ga. App. 746 (449 SE2d 141) (1994).

Municipalities were given the authority to regulate taxicab companies which operated within their corporate limits by the legislature. Many municipalities adopted rules which precluded drivers of taxicabs from being independent contractors, while others did not.

*Karwoski* pointed out that numerous cases were decided by this court without regard to applicable local ordinances. The majority here chooses an array of such cases to make its point. The dissent in *Karwoski* relied on two cases having no precedential value whatsoever. In *Smith v. Yellow Cab Co. of Chatham County*, 223 Ga. App. 143 (476 SE2d 887) (1996), the case which we overruled in *Karwoski*, the majority relied upon the single judge opinion in *Loudermilk Enterprises*, supra. We note that *Loudermilk Enterprises*, which involved a City of Atlanta taxicab company, did not address the application of the city ordinance. It may well have been that the ordinance was not raised, but we note that *Worrell v. Yellow Cab Co.*, 146 Ga. App. 748 (247 SE2d 569) (1978), a case involving the Atlanta City Code, held that taxicabs shall not be operated by any person other than the owner or his employee. Under the *Karwoski* dissent the cabdriver could be an independent contractor for workers' compensation purposes, but an employee for tort purposes. I would suggest that anyone wishing to understand *Karwoski* read the opinion and Judge Johnson's special concurrence. In any event, *Karwoski, as written*, would provide no defense for the attorney in this case.

DECIDED NOVEMBER 29, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001 — 

*David A. Webster*, for appellant.

*Taylor W. Jones & Associates, Taylor W. Jones, Richard E. Harris*, for appellee.