[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11044
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02222-CV-JEC-1

JAMEEL CORNELIUS,

Plaintiff-Appellant,

versus

HOME COMINGS FINANCIAL NETWORK, INC.,
1ST NATIONAL BANK OF ARIZONA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 16, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Jameel Cornelius, proceeding pro se, appeals the district court's grant of summary judgment to the defendants, Homecomings Financial Network, Inc. and First National Bank of Arizona. He contends that summary judgment should not have been entered and also argues that the district court erred in granting the defendants' motions to strike an amendment to his pleadings and two amendments to his objections to the magistrate judge's report and recommendation.

## I.

In June 2004 First National gave Cornelius a loan backed by a security deed. First National later notified Cornelius that it had sold the loan to Homecomings and that Cornelius should send his payments to Homecomings starting on October 1, 2004. Cornelius mailed a check to Homecomings on October 9, and it was applied to his December 2004 and January 2005 installments. In November 2004 Cornelius mailed Homecomings another check, which was applied to an escrow account. Homecomings then performed an escrow analysis that projected a shortfall in Cornelius' escrow account and increased his monthly payment. In May 2005 Cornelius misaddressed an envelope containing another check to Homecomings, and the United States Postal Service returned it as undeliverable. Once the address was corrected, the payment reached Homecomings in June 2005, and the bank waived its late fees and corrected

2

Cornelius' credit report. Cornelius was also billed for "previously unpaid escrow" based on the November 2004 recalculation of his monthly payment.

Cornelius filed a three-count complaint against Homecomings and First National in the Superior Court of Fulton County, Georgia on July 27, 2005. Count 1 asked the court to order the banks to properly charge and apply the October and November 2004 payments and to correctly adjust Cornelius' accounts. Count 2 alleged that the banks were stubbornly litigious and had acted in bad faith, causing $75,000 in damages to Cornelius. Count 3 requested litigation expenses and attorney's fees of $15,000. Cornelius attached to his complaint excerpts from the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.

Defendants First National and Homecomings removed the case to the United States District Court for the Northern District of Georgia on diversity and federal-question grounds. As to Cornelius' federal claims, the defendants filed a joint motion for summary judgment, which the district court granted after reviewing the magistrate judge's report and recommendation. However, the district court returned the case to the magistrate judge to identify and resolve any potential state law claims. On July 12, 2007, the magistrate judge issued his report and recommendation, which identified three potential state law claims, having to

do with the defendants allegedly: (1) erroneously creating an escrow account and misapplying funds to it; (2) failing to act in a "business-like manner" by not paying a United States Postal Service forwarding fee; and (3) acting in bad faith and stubborn litigiousness. The report and recommendation found no merit in any of the claims.

In response to the magistrate judge's report, Cornelius filed an amendment to his complaint on August 7, 2007. He also objected to the magistrate judge's report and thereafter, on August 2 and again on August 17, filed amendments to his objections. The banks filed motions to strike the three amendments as untimely. Cornelius did not respond to those motions.

The district court adopted the magistrate judge's report and recommendation, granted as unopposed the banks' three motions to strike, denied summary judgment to Cornelius, and granted it to the banks on the three state claims. Cornelius filed a motion for reconsideration, arguing that the original removal had been inappropriate for lack of a federal question. The district court denied that motion on February 26, 2008. Cornelius then filed a notice of appeal, which mentioned only the denial of his motion for reconsideration. He attached the order denying reconsideration to his notice of appeal.

## II.

First National and Homecomings contend that because the notice of appeal specifies only the denial of the motion for reconsideration, this Court's appellate jurisdiction is limited to reviewing that order. Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. Proc. 3(c)(1)(B). "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987).

Cornelius' notice of appeal does state that the appeal is from the denial of the motion for reconsideration without mentioning any other orders or judgments. As a result, we ordinarily would have jurisdiction to consider only that particular order. However, we "liberally construe" the requirements of Rule 3, and "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738–39 n.1 (5th Cir. 1980).[1] Further, pro

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit all decisions of the former Fifth Circuit announced prior to October 1, 1981).

5

se litigants' pleadings are also liberally construed. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

When the "overriding intent was effectively to appeal" the original judgment, a notice of appeal stating that it appeals from an order on a tolling post-judgment motion must be construed as an appeal from the original judgment and not merely from the denial of the post-trial motion. <u>Kicklighter</u>, 616 F.2d at 738–39 n.1. Cornelius demonstrates "overriding intent" to effectively appeal the grant of summary judgment to the banks on the state law claims. Two of the three sections in his appellate brief are devoted to arguments concerning the summary judgment denied to him and granted to the banks. His brief addresses the underlying merits of the summary judgment order and the order granting the defendants' motions to strike his three amendments. It does not even mention the order denying his motion to reconsider.

Where the defect in the notice of appeal "did not mislead or prejudice the respondent," we do not narrowly read the notice of appeal. <u>Foman v. Davis</u>, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30 (1962) (holding appellate court should have construed notice of appeal from denial of motion as an attempt to appeal from underlying judgment). There is no indication that Cornelius' limited notice

of appeal prejudiced or misled the banks. They briefed the merits of the summary judgment order and the order striking the amendments.

For these reasons, we have and will exercise jurisdiction over Cornelius' contentions concerning the grant of summary judgment against him on the state law claims and the district court's order granting the motions to strike.

## III.

"We review the district court's grant of summary judgment de novo, viewing the record and drawing all inferences in favor of the non-moving party." Fisher v. State Mut. Ins. Co., 290 F.3d 1256, 1259–60 (11th Cir. 2002). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation marks omitted). Although pro se pleadings are liberally construed, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine

issue as to a fact material to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

The district court granted summary judgment on Cornelius' three conceivable state law claims: (1) that the banks created an unauthorized escrow account and misapplied funds to that account; (2) that the banks failed to act in a "business-like manner" when they did not pay a forwarding fee; and (3) that the banks acted in bad faith and were stubbornly litigious.

## A.

Cornelius argues that the banks created an unauthorized escrow account and misapplied funds to that account. However, Cornelius admitted that the banks were authorized to create an escrow account. After conceding the legitimacy of the escrow account, Cornelius continues to argue that his funds were "misapplied," but at summary judgment, he may not rely solely on "mere allegations." Eberhardt, 901 F.2d at 1580. Cornelius has not presented any evidence that the banks' application of funds to the escrow account was improper. Summary judgment for the defendants was proper on this claim.

## B.

Cornelius argues that the banks "failed to act in a business-like manner" by not paying a forwarding fee that would have caused the United States Postal

Service to forward his misaddressed checks in May 2005. The Georgia Fair Business Practices Act ("FBPA") prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." Catrett v. Landmark Dodge, Inc., 560 S.E.2d 101, 105 (Ga. App. 2002); Ga. Code Ann. § 10-1-393(a).

Taken in its best possible light, Cornelius' claim is that the banks' alleged failure to pay the forwarding fee was an unfair business practice within the FBPA because it was designed to generate late fees based on misaddressed mail that failed to reach the bank on time. However, he has failed to produce any evidence that such a practice existed, or that he suffered any damages; in fact, all of the evidence indicates that the banks deleted negative entries on Cornelius' credit report and waived all late fees for that incident.

The correction of Cornelius' credit report and waiver of his late fees mean that he suffered no injury and is entitled to no damages from this alleged practice. Under the FBPA, "the measure of damages. . . is that of 'actual injury suffered.'" Regency Nissan, Inc. v. Taylor, 391 S.E.2d 467, 471 (Ga. App. 1990). Summary judgment was proper on this claim.

C.

Cornelius claims that the banks acted in bad faith and were "stubbornly litigious." Georgia law allows for the recovery of litigation expenses if the defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Ga. Code Ann. § 13-6-11.

A plaintiff cannot claim stubborn litigiousness when "a bona fide controversy exists between the parties." Marshall v. King & Morgenstern, 613 S.E.2d 7, 13 (Ga. App. 2005). The gist of this case is Cornelius' claim that the banks misapplied his payments. The banks have defended themselves against this allegation. This dispute is a "bona fide controversy" between the parties, and defending against this claim is not "stubbornly litigious." Therefore, in order to recover litigation expenses, Cornelius was required to present some evidence of bad faith by the banks.

Bad faith is more than "bad judgment or negligence"; it requires a "dishonest purpose" and "conscious doing of wrong." Rapid Group, Inc. v. Yellow Cab of Columbus, Inc., 557 S.E.2d 420, 426 (Ga. App. 2001). The affidavits of Cornelius and Ali S. Muhammad state only conclusory allegations that accuse the banks of wrongdoing without any supporting facts. To have any probative value, affidavits must be supported by specific facts, not conclusory

10

allegations. <u>Evers v. Gen. Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985); Fed. R. Civ. P. 56(e). The only evidence in the record shows that the banks properly applied the payments, deleted negative credit reporting, and waived any late fees for the delay in receiving the misaddressed mail. The district court properly denied summary judgment in favor of Cornelius and granted it against him.

**IV.**

Cornelius contends that the district court should not have granted the defendants' motions to strike his amendment to the complaint and his two amendments to his objections to the magistrate judge's report and recommendation.

A party has ten days to file specific written objections to the proposed findings or recommendations of a magistrate judge. Fed. R. Civ. P. 72(b)(2). The magistrate judge's order in this case is dated July 12, 2007. Cornelius did not file the amendments to his objections until August 2 and 17, 2007, well after the deadline for doing so. The district court did not abuse its discretion in granting the defendants' motions to strike those amendments.

On August 7, 2007 Cornelius filed a document entitled "Third Modification of the Second Amendment to the Complaint," which was an attempted amendment to the original complaint that he had filed on July 27, 2005. Under

11

Fed. R. Civ. P. 15(a), this amendment required written consent of the defendants or leave from the court. Although leave should be freely given "when justice so requires", Fed. R. Civ. P. 15(a), the court "need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (quotation marks omitted). "[W]e review the denial of a motion to amend a complaint for abuse of discretion." Id. at 1012. An amendment filed approximately two years after the complaint it seeks to amend is an unduly delayed one. It was not an abuse of discretion for the district court to strike Cornelius' belated "Third Modification of the Second Amendment to the Complaint."

**AFFIRMED.**