## A06A0197, A06A0198. HARTSOCK et al. v. RICH'S EMPLOYEES CREDIT UNION et al.; and vice versa.

(632 SE2d 476)

JOHNSON, Presiding Judge.

Carolyn Hartsock received structured settlement payments, arising from litigation unrelated to the instant case, from Prudential Reinsurance Company. Hartsock sold one of her lump sum payments, in the amount of $60,096, to Singer Asset Finance Company, LLC. She directed Prudential to remit the payment to Singer's post office box in Newark, New Jersey. Prudential issued the check as directed, but Singer never received it.

Instead, at some point after the check was issued, it was altered to be made payable to Ann McCardy at an address in Marietta, Georgia. McCardy endorsed the check and deposited it into her checking account at Rich's Employees Credit Union ("Rich's"), which ultimately received payment from the drawee bank, CoreStates Bank of Delaware, N.A. McCardy subsequently withdrew all the money from her checking account, and her current whereabouts are unknown.

Hartsock and Singer, alleging conversion, conspiracy and bad faith, sued Rich's, Wachovia Bank, N.A., which is a successor in interest to CoreStates, Prudential, McCardy and others. Rich's and Wachovia moved jointly for summary judgment on all claims. The trial court granted summary judgment to Rich's and Wachovia on the conversion and conspiracy claims, but denied summary judgment as to claims for attorney fees and punitive damages. Singer appeals from the summary judgment order,[1] and Rich's and Wachovia cross-appeal.

### Case No. A06A0197

1. Singer contends that the trial court erred in granting summary judgment to Rich's and Wachovia on the conversion claim. We disagree.

OCGA § 11-3-420 (a), which is identical to Uniform Commercial Code (UCC) § 3-420 (a), expressly provides that "[a]n action for conversion of an instrument may not be brought by . . . a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee." The official comments accompanying UCC § 3-420, which we consult in order to determine

---

[1] Although the notice of appeal indicates that Hartsock is also appealing from the summary judgment order, Singer states in its brief that Hartsock, who has assigned all of her interests to Singer, is not joining in the appeal.

legislative intent in enacting a UCC provision,[2] explain why a payee to whom a check was never delivered has no action for conversion.

> Until delivery, the payee does not have any interest in the check. The payee never became the holder of the check nor a person entitled to enforce the check. [Cit.] Nor is the payee injured by the fraud. Normally the drawer of a check intends to pay an obligation owed to the payee. But if the check is never delivered to the payee, the obligation owed to the payee is not affected. If the check falls into the hands of a thief who obtains payment after forging the signature of the payee as an indorsement, the obligation owed to the payee continues to exist after the thief receives payment. Since the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee.[3]

In the instant case, there is no probative evidence that Singer ever received delivery of the check. Indeed, Singer admits in its appellate brief that it never received the check and that there is no evidence the check was ever delivered to its post office box. Rather, the undisputed facts are that at some point after Prudential issued the check, it was intercepted and altered to be made payable to McCardy. Because Singer never received delivery of the check, it never became a holder of the check or entitled to enforce the check, and therefore, under the plain language of OCGA § 11-3-420 (a), Singer may not bring a conversion action against Rich's or Wachovia.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[4] Since there is no genuine issue of material fact as to the lack of delivery of the check to Singer and since Rich's and Wachovia are entitled to judgment as a matter of law, the trial court correctly granted summary judgment on the conversion claim.

2. Singer argues that the trial court erroneously granted summary judgment to Rich's and Wachovia on its conspiracy claim. The argument is without merit.

> A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting

---

[2] *Gerber & Gerber v. Regions Bank*, 266 Ga. App. 8, 11, n. 1 (596 SE2d 174) (2004).

[3] UCC § 3-420, Official Comment 1.

[4] (Citations and punctuation omitted.) *Gerber & Gerber*, supra at 8.

in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.[5]

There is no evidence that Rich's or Wachovia acted in concert with each other or with any other person or entity to accomplish an unlawful end or a lawful end by unlawful means. Furthermore, as discussed above in Division 1, the underlying tort of conversion is absent, and thus there can be no liability for conspiracy.[6]

*Case No. A06A0198*

3. Rich's and Wachovia claim that the trial court erred in refusing to grant them summary judgment on the issue of whether they are holders in due course of the check. We find no error.

As the trial court noted, holder in due course means, among other things, that "[t]he instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity."[7] In this case, the face of the check contains mismatched fonts, with the font of the payee and her address clearly differing from the font of the amount of the check. The payee address also contains a misspelling, with the town of Marietta incorrectly typed as "Marieta." The record further contains testimony from a Prudential employee that in closely examining the altered check he could see on the payee and payee address sections a "whiteout" or "rub-off," and a slight fade to the check's light blue background.

This court has held that one is not a holder in due course where he takes an instrument materially irregular on its face, such as where it contains apparent insertions or erasures or the apparent alteration of the name of the payee.[8] We agree with the trial court that the evidence in the instant case creates a genuine issue of material fact as to whether the check bears such apparent evidence of forgery or alteration as to call into question its authenticity. Because this question of material fact exists, the trial court correctly denied summary judgment to Rich's and Wachovia on the holder in due course issue.[9]

---

[5] (Citations omitted.) *Premier/Ga. Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780, 788 (3) (c) (613 SE2d 112) (2005).

[6] See *O'Neal v. Home Town Bank &c.*, 237 Ga. App. 325, 329-330 (4) (514 SE2d 669) (1999).

[7] OCGA § 11-3-302 (a) (1).

[8] *Roberson v. First Nat. Bank &c.*, 99 Ga. App. 156, 160 (5) (107 SE2d 669) (1959).

[9] See OCGA § 9-11-56 (c).

4. Rich's and Wachovia assert that they are entitled to summary judgment on Singer's claims for punitive damages and attorney fees. We agree.

Singer alleges that Rich's and Wachovia are liable for attorney fees because of their bad faith and that they are liable for punitive damages because of their wilful misconduct. It is true that attorney fees may be awarded where the defendant has acted in bad faith,[10] and that punitive damages may be awarded where there is clear and convincing evidence that the defendant's actions showed wilful misconduct.[11] But in the present case, there is no evidence of either bad faith or wilful misconduct by Rich's or Wachovia. At most, the evidence may show carelessness or negligence in accepting the altered check. But mere negligence will not support an award of attorney fees based on bad faith,[12] or an award of punitive damages.[13] Accordingly, the trial court erred in denying summary judgment to Rich's and Wachovia on the claims for attorney fees and punitive damages.[14]

*Judgment affirmed in Case No. A06A0197. Judgment affirmed in part and reversed in part in Case No. A06A0198. Miller and Ellington, JJ., concur.*

### DECIDED JUNE 12, 2006.

*Welch & Spell, Ronald D. Reemsnyder, James W. Butler III*, for appellants.

*Wilson, Elser, Moskowitz, Edelman & Dicker, Thomas A. Dykstra, Daniel E. Tranen, Hunter, Maclean, Exley & Dunn, Dennis B. Keene*, for appellees.

---

[10] OCGA § 13-6-11.

[11] OCGA § 51-12-5.1 (b).

[12] *Rapid Group, Inc. v. Yellow Cab &c.*, 253 Ga. App. 43, 49-50 (4) (557 SE2d 420) (2001).

[13] *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 918 (5) (423 SE2d 257) (1992).

[14] See, e.g., *R. W. Holdco, Inc. v. Johnson*, 267 Ga. App. 859, 869-870 (6) (601 SE2d 177) (2004).