A06A2191. WHITE v. SCOTT et al.
(643 SE2d 356)

ELLINGTON, Judge.
Bobby W. White appeals from an order of the Stephens County Superior Court denying his motion for new trial in this personal injury automobile accident suit brought by Carolyn and Julius Scott. The jury found in favor of Carolyn Scott only, awarding her $25,000 in damages and $22,500 in attorney fees and costs of litigation. White contends the trial court erred in submitting the issue of litigation expenses to the jury. White also raises as error the court's giving or failing to give several jury charges. For the following reasons, we reverse.

1. White contends the trial court should not have submitted the issue of litigation expenses under OCGA § 13-6-11 to the jury. As we have held,

> OCGA § 13-6-11 permits the jury to award attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." If a bona fide controversy exists, the

plaintiff may recover attorney fees under this Code section only if the defendant has acted in bad faith in the underlying transaction. Issues regarding the existence of a bona fide controversy or a defendant's bad faith are generally for the jury to decide. Finally, an award of attorney fees under OCGA § 13-6-11 should be affirmed if there is any evidence to support it.

(Citation omitted.) *Anderson v. Cayes*, 278 Ga. App. 592, 593 (630 SE2d 441) (2006). Here, there is no claim that White acted in bad faith. The Scotts averred only that he was stubbornly litigious and caused them unnecessary trouble and expense.

When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not "any evidence" to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties. Thus, in a case where bad faith is not an issue, attorney fees are not authorized under OCGA § 13-6-11 if the evidence shows that a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue.

(Citation omitted.) Id. "[I]t is for the jury to determine whether there was a bona fide controversy, unless the facts preclude such a finding as a matter of law." (Citation and punctuation omitted.) *Webster v. Brown*, 213 Ga. App. 845, 846 (2) (446 SE2d 522) (1994). Therefore, resolution of this appeal depends upon whether the evidence below presented a bona fide controversy as a matter of law.

The evidence adduced shows that Carolyn Scott collided with White's stalled pickup truck on the evening of December 2, 2003, along a darkened stretch of DeFoor Road in Stephens County. White testified that his lights flickered and failed, his engine cut out, and his truck "just rolled a little piece and stopped." Earlier in the evening, White experienced trouble starting the truck and twice used jumper cables to get ignition. He assumed he was having battery trouble since the truck was otherwise working properly and it had been serviced recently. There was no evidence that the truck had previously stalled out.

After the truck rolled to a stop, White engaged the emergency brake and he and his passenger got out of the truck. White testified that he checked the battery while his passenger watched for oncoming cars. One car successfully passed the truck. White testified that, as he was trying to move the truck out of the lane of travel, a car came

"flying" down the road and slammed into the back of his truck. White testified that two to four minutes elapsed between the time his truck stalled and the time Carolyn Scott struck the back of his truck. Scott testified that she did not see White's truck, even though there was some evidence that the truck had DOT-approved taillight reflectors that should have been visible from 300 feet. Rather, she saw only the headlights of an oncoming car, and then she "hit something." She did not remember braking. White's expert estimated Scott was traveling 56 miles per hour in a 35 mile per hour zone before Scott applied her brakes, leaving 41 feet of skid marks before impact. The impact knocked White's truck 68 feet up an inclining roadway. There is no evidence White admitted liability for the accident. The police did not issue him a citation.

Scott adduced evidence contesting White's account of events. She presented her own expert who opined that she was only slightly exceeding the speed limit when the accident occurred. She also presented the testimony of a witness who warned White to move the truck out of the roadway, who opined that White was stalled for closer to 15 minutes, and who characterized White and his passenger as "milling around." Further, a police officer testified that "common sense" would have dictated that White put his truck in neutral and allow it to roll out of the roadway, rather than leave it sitting in the lane of travel. Scott also challenged whether White's truck and trailer were equipped with proper rear reflectors.

The evidence of record demonstrates that a bona fide controversy existed as to whether the collision was caused by the negligence of White or the negligence of Scott or the negligence of both. See *Anderson v. Cayes*, 278 Ga. App. at 594 ("This is a classic example of a 'swearing contest' which must be resolved by a jury."). The trial judge, in fact, acknowledged that the jury "may find that [Carolyn Scott] failed to exercise ordinary care for her own safety, or was driving too fast, . . . and return a verdict against her. . . . I think the jury in this case could find either way." For this reason, the trial judge charged the jury on comparative negligence, sudden emergency, a driver's duty to maintain a lookout, a driver's duty to avoid the negligence of others, excessive speed, driving too fast for conditions, and those exceptions to the rule making it unlawful for a driver to leave a vehicle in the roadway.

As we have explained,

[w]e must be mindful of the provision of our Constitution that "(n)o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const. of 1983, Art. I, Sec. I, Par. XII. This is a privilege granted to the

defendant as well as the plaintiff. Where there is a bona fide controversy for the tribunals to settle, and the parties can not adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation. We must be cautious about extending the scope of OCGA § 13-6-11 to those cases in which liability is disputed on issues of negligence.

(Citation and punctuation omitted.) *Anderson v. Cayes*, 278 Ga. App. at 595. Here, as in *Anderson*, "the existence of a bona fide dispute and a reasonable defense at trial precludes the award of attorney fees and expenses of litigation under OCGA § 13-6-11." Id. Because the trial court erred in submitting the issue of attorney fees and expenses of litigation to the jury, we must reverse the jury's finding on that issue and vacate that portion of the final judgment awarding attorney fees and costs of litigation. Id.

2. White contends the award of litigation expenses should have been apportioned between Carolyn Scott's winning negligence claim and Julius Scott's losing claim for loss of consortium. Given our holding in Division 1, supra, this claim of error is moot.

3. White contends the trial court erred in giving Scott's Request to Charge No. 20, a negligence per se charge which listed those laws White allegedly violated. White argues the court erred in giving the instruction because it had been withdrawn by Scott's attorney and because it was not adjusted to the evidence.

OCGA § 5-5-24 (b) requires the court to "inform counsel of its proposed action upon the requests prior to their arguments to the jury."

The requirement that the judge inform the parties prior to final argument of his action on the requested charges is designed to enable the attorneys to argue their case to the jury intelligently and on the basis of the guiding legal principles under which the argument should be made. It follows that where the trial judge misleads counsel as to the intended charge, a severe injustice may result and counsel should be given the opportunity, if justice requires, to reargue the facts in the light of the changed law of the case. . . . Where the court, in its charge, includes matter contained in a rejected request, the party or parties affected thereby should call the attention of the court to the specific matter and request the right to argue that particular matter to the jury. Such a solution will afford opportunity to obviate granting new trials or making errors which may be prejudicial.

(Citations, punctuation and emphasis omitted.) *Daniels v. State*, 137 Ga. App. 371, 374-375 (4) (224 SE2d 60) (1976).

While there is some evidence that Scott's attorney intended to or agreed to withdraw the instruction, the record before us does not show that this information was conveyed to the court or that White objected to or sought a ruling on the instruction before it was given. The charge conference was held in chambers and off the record. Consequently, it is difficult to determine from the appellate record whether the court did its duty under OCGA § 5-5-24 (b). In the absence of a request to be informed of a judge's proposed action on requested charges, noncompliance with OCGA § 5-5-24 (b) is not, in and of itself, reversible error. *Jackson v. Meadows*, 157 Ga. App. 569, 570-572 (1) (278 SE2d 8) (1981). Further, even if White had requested to be informed of the judge's proposed action, he failed to ask to reargue the facts in light of the court's instruction. Consequently, any error attributable to the court's having surprised counsel with an instruction that counsel believed had been withdrawn was not preserved for our review. *Osterhout v. State*, 266 Ga. App. 319, 322 (2) (596 SE2d 766) (2004).

Although White did not record his initial objection to the charge, and although he failed to object when the court read the instruction to the jury, he did except to the instruction on the record before the jury returned its verdict, thus preserving his right to challenge on appeal the appropriateness of the instruction itself. OCGA § 5-5-24 (a). White contends that Scott's Request to Charge No. 20 was not adjusted to the evidence.

Even if it is substantively correct, "[a] charge unauthorized by the evidence, which injects into the case issues not made by the pleadings or evidence, is presumed to be harmful to the losing party, and such a charge is grounds for new trial unless it is apparent that the jury could not have been misled by it." (Citation omitted.) *Valdez v. Power Indus. Consultants*, 215 Ga. App. 444, 446 (1) (451 SE2d 87) (1994).

Scott's Request to Charge No. 20 tracked the pattern jury instruction on negligence per se. The pattern instruction provides that "[t]he plaintiff contends that the defendant violated certain laws or ordinances *(name them)*. Such violation is called negligence per se, which means negligence as a matter of law. It is your duty to decide whether such violation took place or not." Suggested Pattern Jury Instructions, Vol. I: Civil Cases, pp. 258-259 (§ 60.050) (4th ed. 2004). The charge as given was a correct statement of the law of negligence per se. However, the instruction, which listed eleven possible ways that White may have been negligent per se, included six factual scenarios that were not adjusted to the evidence. For example, the instruction asserted that White left his truck "standing . . . on a road

outside a business or residential district when it was practical to leave the vehicle off the roadway, in violation of OCGA § 40-6-202." The evidence does not support a finding that the stretch of highway where White's truck failed was a business or residential district. In fact, it appears to have been a rural area. The instruction also asserted in four separate paragraphs that White violated OCGA §§ 40-8-7 (b), 40-8-20, 40-8-22 (a) and (d), and 40-8-23 (a) by driving his truck on the road without proper headlight and taillight illumination. The undisputed evidence shows that White did not drive under these conditions; instead, he lost headlight and taillight illumination when his engine failed. The charge also asserted that White allowed his truck to be parked on a roadway with insufficient lighting in violation of OCGA § 40-8-28. There is no evidence that White "parked" his truck in an unlit spot, implying a conscious choice; rather, the truck stopped running and came to a stop of its own volition.

In the present case, the charge could have confused and misled the jury by suggesting that White was negligent per se by violating a number of statutes in the ways asserted, ways that were not supported by the evidence at trial. See *Avant Trucking Co. v. Stallion*, 159 Ga. App. 198, 201 (2) (283 SE2d 7) (1981) (a negligence per se charge on speeding was reversible error in a case where there was no evidence to support the charge). The trial court therefore erred in denying White's motion for a new trial.

4. White's remaining enumerations of error are moot.

*Judgment reversed. Johnson, P. J., concurs. Miller, J., concurs in the judgment only.*

DECIDED MARCH 8, 2007.

*Myers & Stroberg, William A. Myers*, for appellant.
*Alton M. Adams*, for appellees.