### A08A1434. LOWERY v. ROPER et al.
(666 SE2d 710)

ELLINGTON, Judge.

After a Cherokee County jury awarded damages and attorney fees to Sonny and Sue Roper in this property damage case, John Lowery, Jr., filed a motion for judgment notwithstanding the verdict ("j.n.o.v."). Lowery contended that the trial court erred when it denied his motion for a directed verdict on the issue of attorney fees, because the Ropers were not entitled to attorney fees as a matter of law. The trial court denied Lowery's motion for j.n.o.v., and Lowery appeals. For the following reasons, we reverse the trial court's order to the extent that it ordered Lowery to pay the Ropers' attorney fees.

Lowery contends that the trial court erred in denying his motion for a directed verdict on the issue of attorney fees and, later, his motion for j.n.o.v. on the same issue.[1] Lowery argues that there was a bona fide controversy that required the jury to determine whether

---

[6] See *Fox v. State*, 266 Ga. App. 307, 309-310 (5) (596 SE2d 773) (2004).

[1] A motion for directed verdict shall be granted if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the "any evidence" test.

he was negligent, whether the Ropers were also negligent, and whether the Ropers' negligence caused or contributed to the property damage. Therefore, according to Lowery, the Ropers were not entitled to attorney fees as a matter of law under OCGA § 13-6-11.

OCGA § 13-6-11 provides that "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where . . . the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."[2] Where there is a bona fide controversy regarding liability that must be resolved by a factfinder, however, "attorney fees may be awarded under OCGA § 13-6-11 only where the party sought to be charged has acted in bad faith in the underlying transaction." (Punctuation and footnote omitted.) *MARTA v. Mitchell*, 289 Ga. App. 1, 2 (659 SE2d 605) (2007). Stated differently, if there is no evidence of bad faith and there is a bona fide controversy regarding liability, then the plaintiff is not allowed to recover attorney fees under OCGA § 13-6-11. Id. at 2-3; see also *White v. Scott*, 284 Ga. App. 87, 90 (1) (643 SE2d 356) (2007) ("[T]he existence of a bona fide dispute and a reasonable defense at trial precludes the award of attorney fees and expenses of litigation under OCGA § 13-6-11.") (citation and punctuation omitted).

In this case, the evidence showed that the Ropers own property which is adjacent to an undeveloped, heavily wooded lot owned by Lowery. On August 12, 2004, a tree on Lowery's property fell and hit a dump truck owned by the Ropers that was parked on the Ropers' property, beside a creek that separates their lot from Lowery's. The Ropers filed suit against Lowery, claiming that he was liable because the tree was "visibly decayed" before it fell, and they asked for attorney fees under OCGA § 13-6-11, in addition to damages. Before trial, Lowery asserted that he did not know the tree was decayed or otherwise in danger of falling, that the Ropers knew or should have known of the condition of the tree before it fell, that their negligence in parking the truck near the tree caused or contributed to the damage, and that their negligence exceeded his own.

---

(Punctuation and footnotes omitted.) *MARTA v. Mitchell*, 289 Ga. App. 1, 2 (659 SE2d 605) (2007). See also OCGA § 9-11-50 (b) (not later than 30 days after entry of a judgment on a jury verdict, "a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict"); *Bacon v. Volvo Svc. Center*, 266 Ga. App. 543, 545 (1) (597 SE2d 440) (2004) (the standard for granting a motion for j.n.o.v. is the same as that for a motion for a directed verdict, and this Court reviews the denial of either motion under the "any evidence" standard).

[2] OCGA § 13-6-11 applies to both contract and tort cases. See, e.g., *MARTA v. Mitchell*, 289 Ga. App. at 2 (negligence case in which plaintiff claimed she tripped and fell when entering defendant's elevator).

At trial, the Ropers asserted that the tree that fell on the truck had been an obvious hazard, and presented evidence that it had no leaves, even though it was August, it was "punky and discolored," and it appeared to be dead. Sonny Roper admitted, however, that he had been in the area where the tree fell at least once or twice a week for months, that there was nothing blocking his view of the tree, and that he had seen the tree before it fell. Even so, he claimed that he could not tell whether the tree was dead or alive before it fell. The evidence also showed that, for several weeks before the incident, Roper and his employees had regularly parked trucks for the Ropers' grading and hauling company close to the creek separating the Ropers' property from Lowery's and that the trucks were parked near enough to the tree that, if it fell, it could hit the trucks. In contrast to this evidence, Lowery testified that he had no actual knowledge about the condition of the tree because he did not live on the property and, in fact, had lived in Ohio for 35 years.

After the Ropers rested their case, Lowery moved for a directed verdict on the issue of attorney fees.[3] The Ropers withdrew their allegation that Lowery had acted in bad faith, but continued to assert that a jury issue existed as to whether Lowery had been stubbornly litigious or had caused them unnecessary trouble and expense. Lowery argued that, because there was a bona fide controversy regarding his liability and the Ropers' contributory or comparative negligence that had to be resolved by the jury, the Ropers were not allowed to recover attorney fees as a matter of law. The trial court denied the motion, ruling that the question of whether to award attorney fees was for the jury. The court, however, also acknowledged that

> there certainly is in this case an argument to be made that the parking of the vehicle in a location where a tree might fall on it[,] where the tree would . . . ordinarily or reasonably be expected to be seen would constitute ordinary negligence[,] and then [jury] charges about comparative negligence and contributory negligence would apply.

Later, during the jury charge, the court instructed the jury that the defendant had made allegations

> that the Plaintiff was also negligent in this action with regards to the actions that you heard about from the evidence. . . . [I]f you find [that] the Defendant was negligent and that the Plaintiff was also guilty of negligence that

---

[3] Lowery renewed his motion at the close of evidence, and the trial court denied it again.

contributed to the Plaintiff's injury and damage and that the Plaintiff's negligence was equal to or greater than that of the Defendant, then the Plaintiff cannot recover. If you find that the Defendant was negligent so as to be liable to the Plaintiff and the Plaintiff was also negligent thereby contributing to the Plaintiff's injury and damage, but that the Plaintiff's negligen[ce] was less than the Defendant's negligence, the negligence of the Plaintiff would not prevent the Plaintiff's recovery of damage, but would require that you reduce the amount of damages otherwise awarded to the Plaintiff in proportion to the negligence of the Plaintiff compared with that of the Defendant.

The court also instructed the jury on the plaintiffs' duty to exercise ordinary care to avoid the consequences of the defendant's negligence and on assumption of the risk.[4] The court then specifically instructed the jury on awarding attorney fees to the plaintiffs, stating that

the recovery of attorney's fees is not authorized for unnecessary trouble or expense or for stubbornly litigiousness if the evidence shows that a genuine issue or a genuine disputed issue existed between the parties whether of law or of facts as to liability, amount of damages, or any of the other issues in the case.

The jury ultimately awarded the Ropers $6,200 in damages and $9,957.35 in attorney fees.

Given the record in this case, it is clear that there was a bona fide controversy regarding Lowery's liability, because the evidence did not demand a finding that Lowery was negligent and that his negligence was the sole cause of the Ropers' damages. Thus, in the absence of an issue of Lowery's bad faith, the Ropers were not entitled to attorney fees under OCGA § 13-6-11 as a matter of law. *MARTA v. Mitchell*, 289 Ga. App. at 4; *White v. Scott*, 284 Ga. App. at 90 (1). The trial court erred in denying Lowery's motions for a directed verdict and j.n.o.v. on the issue of attorney fees.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

---

[4] See *Dodd v. Clary*, 135 Ga. App. 296, 297-298 (217 SE2d 397) (1975) (a plaintiff cannot recover damages for injuries resulting from a hazard if the evidence shows that he or she knew of the danger presented by the hazard, had equal means of knowing about the hazard as the defendant, or by the exercise of ordinary care could have known about the hazard).

DECIDED JULY 18, 2008 —
RECONSIDERATION DENIED AUGUST 7, 2008 — 

*Barry W. Bishop*, for appellant.
*Flint & Connolly, David L. Walker, Jr.*, for appellees.