**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2013**

# In the Court of Appeals of Georgia

A13A0275, A13A0276. VOL REPAIRS II INC. et al. v. KNIGHTEN; and vice versa.

DO - 017
DO - 018

DOYLE, Presiding Judge.

This appeal arises from a suit filed by Tavis L. Knighten against Vol Repairs II, Inc., and Jose Rodriguez (collectively "the Defendants"), regarding Defendants' work on Knighten's automobile transmission. In Case No. A13A0275, the Defendants appeal, arguing that the trial court erred (1) by denying their motion for directed verdict as to the issue of attorney fees; (2) by denying Vol Repairs' motion for directed verdict as to breach of implied covenant of good faith; and (3) by barring evidence of Knighten's background as an insurance adjuster under the collateral source rule. In Case No. A13A0276, Knighten cross-appeals, arguing that the trial court erred by granting a directed verdict to the defendants and disallowing a certain

portion of attorney fees pursuant to OCGA § 13-6-11. For the reasons that follow, we reverse in part and affirm in part.

> [O]n appeal from a trial court's rulings on motions for directed verdict and judgment notwithstanding the verdict, we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts and judgments notwithstanding the verdict are not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict.[1]

So viewed, the record shows that Knighten purchased a 1999 Mercedes E320 sedan in 2008. In February 2010, Knighten experienced shifting problems with the vehicle, and he took it to Vol Repairs, an automotive repair shop owned by Rodriguez. Employees examined the vehicle, and they determined that the transmission needed to be replaced; Knighten agreed to Rodriguez's quote for replacement of the transmission for $3,712.22. Knighten provided an invoice he received upon picking up the vehicle, which listed the replacement part as a "Used Transmission" priced at $2,200, and various other parts and labor costs, totaling

---

[1] (Citation and punctuation omitted.) *Fertility Technology Resources v. Lifetek Med.*, 282 Ga. App. 148, 149 (637 SE2d 844) (2006), quoting *Warren v. Weber & Warren Anesthesia Svcs.*, 272 Ga. App. 232, 235 (2) (612 SE2d 17) (2005).

approximately $3,700. After the repairs, Knighten returned to the shop and explained that he was still experiencing shifting problems in lower gears. In March 2010, the shop replaced the transmission control unit, which is a separate part from the transmission itself, for approximately $650.

Knighten continued to experience issues, and he took the vehicle to Wishen Motors, an unrelated repair shop, in September 2010. Wishen Motors diagnosed a transmission leak and low fluid, which Vol Repairs repaired at no charge.

Knighten did not observe improvement, and after a trip out of the country in November, he returned to Wishen Motors in December 2010. Wishen recommended that Knighten replace the transmission with a rebuilt transmission instead. Wishen quoted Knighten $4,450 for installation of a rebuilt transmission, and Knighten called Rodriguez to explain his continued issues. Although the used transmission was outside of the warranty period provided by Vol Repairs, Rodriguez told Knighten that he would install a rebuilt transmission for an additional $1,001; Knighten testified that he understood Rodriguez would purchase and install a rebuilt unit, not that Rodriguez would be rebuilding the used transmission with new parts. After picking the vehicle up approximately a month later in January 2011, Knighten drove it for a short time before realizing that he left a personal file at the repair shop; on the way

3

back to Vol Repairs, the vehicle jerked the way the previous transmission used to jerk. Upon returning, Knighten explained what happened, and Rodriguez stated there should not be the same issues because he had installed a new transmission, explained that it could be the adaption period normal for Mercedes transmissions, and advised Knighten to wait and see how the vehicle operated after further use.

In April 2011, Knighten then took the vehicle to a Mercedes dealership, which discovered leaking fluid and replaced the transmission with a rebuilt unit for $5,268.89; the dealership characterized the transmission Vol Repairs had installed as a "used transmission."

Knighten filed the instant action, alleging claims of fraud, breach of contract, breach of implied covenant of good faith, and negligence. At the close of evidence, the Defendants moved for directed verdicts, which the trial court granted as to Rodriguez on the individual claims against him for fraud, breach of contract, and breach of the implied covenant of good faith, but denied the motion as to the negligence claim against Rodriguez, all the claims against Vol Repairs, and the attorney fees claims.

The jury found Rodriguez liable for negligence, awarding $2,750 in compensatory damages and $8,739.10 in attorney fees to Knighten. As for Vol

Repairs, the jury found against it on the claim of breach of the implied covenant of good faith, awarding Knighten $1,001 and no attorney fees. The jury also found against Vol Repairs on the claims of breach of contract, negligence, and fraud, but awarded Knighten $0 as to those claims and did not award punitive damages.

*Case No. A13A0275*

1. First, the Defendants contend that the trial court erred by denying their motions for directed verdict/judgment notwithstanding the verdict ("j.n.o.v.") as to the issues of attorney fees pursuant to OCGA § 13-6-11.

(a) Rodriguez first argues that the trial court should have directed a verdict on this issue because he contends that Knighten failed to present any evidence of bad faith, which was the only basis on which to award such fees.

> OCGA § 13-6-11 provides, the expenses of litigation generally shall not be allowed as a part of the damages; but where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them. Where a bona fide controversy exists, attorney fees may be awarded under OCGA § 13-6-11 only where the party sought to be charged has acted in bad faith in the underlying transaction.[2]

---

[2] (Punctuation omitted.) *MARTA v. Mitchell*, 289 Ga. App. 1, 2 (659 SE2d 605) (2007).

We will affirm an award under OCGA § 13-6-11 if there is any evidence to support it.[3]

The trial court directed a verdict for Rodriguez as to the fraud claim.[4] The court, however, denied Rodriguez's motion for directed verdict as to attorney fees. The jury found Rodriguez liable for negligence, and as part of its award against Rodriguez, it granted Knighten $8,739.10 in attorney fees. As Rodriguez correctly argues, however, mere negligence "will not support an award of attorney fees based on bad faith."[5] Knighten, on the other hand, contends that he also argued that the Defendants were stubbornly litigious, and the jury award should be upheld on that basis. Knighten's contention is supported by the transcript, showing he argued that there was no bona fide controversy as to liability or the amount of damages. Nevertheless, the parties disagreed as to the terms of the contract relating to whether Vol Repair's second replacement of the transmission, which occurred in December 2010/January 2011, would be completed by the installation of a separate previously

[3] See *Parks v. Breedlove*, 241 Ga. App. 72, 73 (1) (526 SE2d 137) (1999).

[4] The trial court allowed the fraud claim against Vol Repairs to proceed to the jury, but the jury did not award attorney fees against this Defendant.

[5] (Punctuation omitted.) *Mitchell*, 289 Ga. App. at 4.

rebuilt transmission or by the reinstallation of the old transmission after a complete in-house rebuild.

Given the record in this case, it is clear that there was a bona fide controversy regarding [Rodriguez's] liability[] because the evidence did not demand a finding that [Rodriguez] was negligent [or] that his negligence was the sole cause of [Knighten's] damages. Thus, . . . [Knighten was] not entitled to attorney fees under OCGA § 13-6-11 as a matter of law. The trial court erred [by] denying [Rodriguez's] motions for a directed verdict and j.n.o.v. on the issue of attorney fees.[6]

(b) Based on our finding in Division 1 (a), we need not address the Defendants' argument that the trial court erred by allowing testimony of Knighten's counsel as to the amount of fees and reasonableness.

2. Vol Repairs argues that the trial court erred by allowing the jury to award Knighten damages for breach of implied covenant because the verdict was inconsistent with the finding that no breach of contract occurred.[7] The record belies

---

[6] (Citations omitted.) *Lowery v. Roper*, 293 Ga. App. 243, 246 (666 SE2d 710) (2008). See also *French v. Dilleshaw*, 313 Ga. App. 834, 840 (2) (723 SE2d 64) (2012); *Mitchell*, 289 Ga. App. at 4-5.

[7] See, e.g., *Secured Realty & Investments, Inc. v. Bank of North Ga.*, 314 Ga. App. 628, 630 (1) (b) (725 SE2d 336) (2012).

Vol Repairs' argument, however, as the jury found for Knighten on the breach of contract claim, but awarded him $0 in damages for that claim.

3. Finally, the Defendants contend that the trial court erred by barring, pursuant to the collateral-source rule, cross-examination of Knighten regarding his experience as an insurance adjuster, which the Defendants contend violated their right to a thorough and sifting cross-examination.

"Although a party has the right to a thorough and sifting cross-examination, the trial court has discretion to limit the scope of cross-examination. Controlling the nature and scope of cross-examination is a matter within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion."[8]

The Defendants contend that because the collateral-source rule only precludes cross-examination regarding insurance in order to prevent admission of evidence of payments by a third-party for tortious injury, the trial court erred by denying their motion to cross-examine Knighten about his previous work history as an automobile insurance adjuster based on that rule.[9] While it may be the case that such questioning

---

[8] (Footnotes and punctuation omitted.) *Level One Contact, Inc. v. BLJ Enterprises, LLC*, 305 Ga. App. 78, 82 (2) (699 SE2d 89) (2010).

[9] See *Harper v. Barge Air Conditioning, Inc.*, 313 Ga. App. 474, 480 (2) (722 SE2d 84) (2011) ("the collateral-source rule bars the defendant from presenting any

8

would not be in direct violation of the rule, it was within the trial court's discretion to limit such testimony based on his understanding of the line of questioning, the evidence's relevance to the defense and case as a whole, and its likelihood to interject the issue of third-party payments or other irrelevant matters to the jury.[10] Accordingly, we find no abuse of discretion on the part of the trial court, and this enumeration is without merit.

*Case No. A13A0276*

4. Based on our holding in Division 1 (a), we need not address Knighten's enumerations of error in this cross-appeal.

*Judgment affirmed in part and reversed in part. McFadden and Boggs, JJ., concur.*

---

evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments") (punctuation omitted).

[10] See, e.g., *Level One Contact, Inc.*, 305 Ga. App. at 82 (2).